UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:22-cv-00671-JDE | Date | May 8, 2025 |
|---|---|---|---|
| Title | Rony R. Romero v. Leland Dudek, Acting Comm'r of Soc. Sec. Admin. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| n/a | n/a |

**Proceedings:**     (In Chambers) Order Granting Petition for EAJA Fees (Dkt. 34)

On February 7, 2025, Plaintiff filed a Petition for Attorney's Fees and Expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), with supporting evidence. Dkt. 34 ("Motion"). On March 7, 2025, Defendant filed an Opposition to the Motion. Dkt. 38. On March 12, 2025, Plaintiff filed a Reply, which included a supplemental request for fees incurred in preparing the Reply. Dkt. 39. The Court previously directed that the Motion would be decided on the papers without a hearing. Dkt. 27.

EAJA directs district courts to award reasonable attorney's fees, costs, and other expenses to the prevailing party in certain cases involving the United States as a party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); accord Pierce v. Underwood, 487 U.S. 552, 559 (1988); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

Defendant does not challenge that this is the type of case in which EAJA fees may be awarded, that the fees were actually incurred, or the reasonableness of the requested award. Instead, Defendant argues: (1) Defendant's position was substantially justified; and (2) any EAJA fee award belongs to Plaintiff, not counsel, and any award should thus specify that any assignment of the award remains subject to offset under the Treasury Offset Program. Dkt. 38 at 2-9. As to the first argument, although a close call, the Court concludes that Defendant has not met its burden to show its position was substantially justified. As to the second argument, Plaintiff agrees that regardless of the EAJA fee assignment, the award remains subject to the Treasury Offset Program. See Motion at 11. The Court will, as requested by Defendant and not challenged by Plaintiff, direct that any award is subject to the Treasury Offset Program. Lastly, Plaintiff has requested additional fees for preparing the Reply. The Court finds such fees recoverable here. See generally, I.N.S. v. Jean, 496 U.S. 154, 163 n.10 (1990); see also Valle v. Berryhill, 2018 WL 1449414, at *3 (N.D. Cal. Jan. 18, 2018) (finding a billing entry for 9.75 hours reasonable for preparing a reply brief).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-cv-00671-JDE | Date | May 8, 2025 |
|---|---|---|---|
| Title | Rony R. Romero v. Leland Dudek, Acting Comm'r of Soc. Sec. Admin. | | |

Therefore, finding: (1) Plaintiff is the prevailing party; (2) Defendant has not met its burden to show substantial justification for its positions or special circumstances exist making an award unjust; and (3) the hours and fees sought are reasonable and properly recoverable, the Motion (Dkt. 34) is GRANTED as follows: Plaintiff is awarded EAJA fees and expenses in the total amount of $19,307.28, with such award to be paid to Plaintiff's counsel only after any offset to which the Government is legally entitled.

IT IS SO ORDERED.